The judgment of the court was pronounced by
Eustis, C. J.
John A. Phillippon died in the city of New York on the 26th of March, 1847. After his death, two wills bearing his signature, were discovered; one bearing date New York, the 22d of April, 1845, and another the parish of St. Bernard, in this State, the 26th of March, 1846. The domicil of the deceased was in Louisiana. The point upon which this case was determined in the court below was, as to the validity and effect of the last will in revoking the former one.
The Louisiana will is in the olographic form. It is written by the testator in his native language, which was the French. Its contents it is not material to state. It concludes to this effect: “Done at the plantation, parish of St. Bernard, this twenty-sixth day of March, in the year of our Lord, one thousand eight hundred and forty-six. John A. Phillifpon.”
Immediately following is written : “I desire to be exposed, eight days after my death: for, if I fall into a lethargic sleep, and should be interred, my waking up will be frightful and disagreeable. I charge Anais (referring to his sister, who was a legatee under the will,) to watch over the execution of this last request, John A. Phillippon.”
“ By the presents, I declare every other will made by me null, and of no value.
“John A. Phillifpon.”
“ Signed in presence of.” There is no signature of witnesses, nor writing upon the paper, except that of the testator.
The argument of counsel has been principally directed to the last clause revoking all former wills, which comes after the date given to the closing part of the principal testamentary disposition. This, though in the handwriting of and signed by the testator, has no date appended to it. The counsel for the plaintiffs, who are legatees under the New York will, contend that the two wills may stand together, and that they are entitled to their legacies. The defendants, who claim exclusively under the Louisiana will, insist on the revocation of the New York will, by the clause we have recited. To this effect was the judgment of the 'District Court, and the plaintiffs have appealed.
*281 The case turns on the consequence attending the posterior clause not being dated. The code provides, that for the validity of an olographic will it must be entirely written, dated, and signed by the hand of the testator. It is subject to no other form, and may be made out of the State. Art. 1581. This article bears a close resemblance to the article 970 of the Napoleon Code, from which it was probably taken. The olographic was a form of testamentary disposition recognized in France before the adoption of the Napoleon Code. The jurisprudence on the subject appears to be settled. Merlin thus states and' solves the question as to the necessity of the date to the olographic will:
“Where an olographic testament contains several dispositions, of which the first one, at the same time dated and signed, and the second are only signed by the testator, are the latter null for want of date ? They are; provided that from the manner those clauses are conceived and placed, they cannot be considered to have been written immediately after the first, and on the same day that the first was written. But if, according to the contents or position of the second clauses, it appears that they could have been written on the same day with the first, we ought to presume that they were so in effect, consider them as forming but one and the same testament, and apply to the whole, which is composed of the different clauses, the general principle, that it is sufficient for the validity of the olographic will, that it be dated in the context, without its having a date at the end.” Merlin’s Rep. verbo Testament, sec. 11, par. 1,- art. 7. Duranton is to the same effect.
The law not having fixed the place' in which the date must be put in an olographic will, it may be placed not only at the head, but also at the foot of the instrument and in the body of it. A date, though affixed to the first clause and before the second, may be applied to one as well as to the other, and thus both may be considered as dated and signed. Droit Franjáis, lib. 3, tit. 2, § 34, et seq.
The opinion of Toullier, cite'd by the counsel for the plaintiff, which requires the date to clauses added by the testator to an olographic will, though stated in general terms, does not appear to have been acquiesced in by other commentators on the Code Napoleon, or to be supported by the jurisprudence of the court of cassation. Yide the case of The Heirs of Cricy. Journal du Palais, 1830 and 1831, vol. 23, p. 1707.
With this single exception, we believe the commentators on that code as well as the court of cassation, have adopted the opinion of Merlin. The diligence of counsel has enabled us fully to examine the subject. Zacharise, Droit Civil Franjáis, vol. 5, p. 83, note 13. Yazeille, Traité de Successions, &c., vol. 2, § 17, p. 407. Delisle Corns, on art. 970, C. N. § 36, p. 345. Rogion, Code Civil, art. 970.
The different clauses of the instrument under consideration appear to be congruous and continuous ; all of them to be parts of a last will; and the manuscript not being sent up for examination, we are bound to presume that there is no appearance of the writing having been interrupted, or of its not having boen finished at one time. Under the settled jurisprudence of the Napoleon Code, the instrument is clothed with the forms required for the validity of a testament. We think it furnishes us a safe guide in the case under consideration. No decisions of our own court have been adduced on either side.
Under this conclusion it is not necessary to consider the other questions raised in argument on behalf of the plaintiffs, who are legatees under the New York will. If that will is revoked, its validity under the laws of New York is not *282 material; nor have thé plaintiffs any interest to contest the validity of the testamentary dispositions of the Louisiana will. That is a matter resting with the heirs at law and the parties in interest under that will.
The judgment of the district court is therefore affirmed, with costs.